IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DAMIKIA MORGAN, | ) |
| Plaintiff, *pro se*, | ) ) ) |
| v. | ) Civil Action No. 24-cv-01809-LKG ) |
| RICHARD A. BAUER, *et al.*, | ) Dated: November 13, 2024 ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION TO REMAND**

**Introduction**

The Plaintiff, Damikia A. Morgan, has moved to remand this civil action to the Circuit Court of Prince George's County, Maryland. ECF No. 11. Defendant, Ryder Truck Rental, Inc., ("Ryder") opposes the Plaintiff's motion to remand. ECF No. 13. The motion to remand is fully briefed. ECF Nos. 11 and 13. No hearing is necessary to resolve the motion. L.R. 105.6 (D. Md. 2023). For the reasons that follow, the Court **DENIES** the Plaintiff's motion to remand **WITHOUT PREJUDICE**.

**Factual Background And Procedural History**[1]

On May 10, 2024, the Plaintiff commenced this civil action against Defendants Richard A. Bauer ("Bauer"), Hartford Fire Insurance Company ("Hartford"), Lineage, Inc., Ryder, and Southeast Frozen Foods Company, LP ("Southeast Frozen Foods") in the Circuit Court of Prince George's County, Maryland. ECF No. 5. On May 13, 2024, the Plaintiff filed an amended complaint. ECF No. 6. In the amended complaint, the Plaintiff alleges that, on May 11, 2021, an employee of Bauer was operating a truck on behalf of Southeast Frozen Foods which collided with the rear of her car. *Id.* at ¶¶ 8-9. The Plaintiff also alleges that Ryder leased the truck that

---

[1] The facts recited in this memorandum opinion and order are taken from the amended complaint, Ryder's notice of removal, the Plaintiff's motion to remand and Ryder's response in opposition thereto. ECF Nos. 1, 6, 11 and 13. Ryder asserts that the Plaintiff inappropriately names Ryder Systems, Inc. as a Defendant and that the appropriate Defendant is Ryder Truck Rental, Inc. ECF No. 13 at 1. Ryder has not obtained the written consent of the other named Defendants to the removal of this case. *See* ECF Nos. 1, 9 and 13.

Bauer's employee was operating to Southeast Frozen Foods. *Id*. at ¶¶ 3-6. In addition, the Plaintiff alleges that she sustained severe injuries from the collision, for which she has sought extensive medical treatment and incurred costs. *Id*. at ¶¶ 11-13, 20-21. And so, the Plaintiff seeks to recover compensatory and punitive damages and costs from the Defendants. *Id*. at ¶¶ 13 and 21.

On June 21, 2024, Ryder removed this matter from the Circuit Court of Prince George's County, Maryland to this Court, and filed a motion to dismiss the amended complaint. ECF Nos. 1 and 3. In the June 21, 2024, notice of removal, Ryder states that removal is appropriate under 28 U.S.C. 1441, because: (1) "the . . . action is one in which this Court has original jurisdiction pursuant to Title 28 U.S.C. §1332[;]" (2) "there is complete diversity of citizenship" between the Plaintiff and the Defendants; and (3) "the amount in controversy exceeds $75,000.00." ECF No. 1 at ¶¶ 9 and 12.

In addition, Ryder states in its notice of removal that:

> Plaintiff, Damikia Morgan, is an individual residing at 3820 Chaplin Place, Apt. 308, Chevy Chase, Maryland 20815.
>
> Ryder Truck Rental, Inc. is a corporation organized and existing under the laws of the State of Florida, with a principal place of business located at 11690 N.W. 105th Street – 4W, Miami, FL 33178.
>
> Upon information and belief, [Hartford] is an entity organized and existing under the laws of the State of Connecticut, with a principal place of business located at One Hartford Plaza, Hartford, CT 06155.
>
> Upon information and belief, [Southeast Frozen Foods], also referred to as Southeast Frozen Foods Company, L.P. Limited Partnership, is an entity organized and existing under the laws of the State of Delaware, with a principal place of business located 7418 Ranco Road, Richmond, VA 23228.
>
> Upon information and belief, Lineage Transportation, LLC, improperly named as Lineage, Inc., is an entity organized and existing under the laws of the State of Delaware, with a principal place of business located 46500 Humboldt Drive, Novi, MI 48377.
>
> According to the Amended Complaint, [Bauer], is a "business owner in the State of Florida and the State of Virginia, headquarter[ed] at 3261 Executive Way, Miramar, FL 33025-3931."

*Id.* at ¶¶ 3-8.

The Plaintiff also alleges in the amended complaint that:

> Plaintiff Damikia Morgan is a resident of the State of Maryland, residing at 3820 Chaplin Pl, APT 308 Chevy Chase MD 20815.
>
> [Bauer] is, upon information and belief, a business owner in the State of Florida and the State of Virginia, headquarter[ed] at 3261 Executive Way, Miramar, FL 33025-3931.
>
> [Southeast Frozen Foods] is a corporation organized and/or existing in virtues of the laws of the State of Florida, and the State of Virginia.
>
> [Hartford] is a corporation organized and/or existing in Virtue of the laws of the State of Connecticut.
>
> [Ryder] is a corporation organized and/or existing in virtue of the laws Of the State of Florida.
>
> LINEAGE, INC[.] is a corporation organized and/or existing in Virtue of the laws of the State of Michigan and State of Virginia.

ECF No. 6 at ¶¶ 1-6.

On July 22, 2024, the Plaintiff filed a motion to remand. ECF No. 11. On August 14, 2024, Ryder filed a response in opposition to the Plaintiff's motion to remand. ECF No. 13.

The Plaintiff's motion to remand having been fully briefed, the Court resolves the pending motion.

## Standards Of Decision

### A. Removal Of State Court Civil Actions And Diversity Jurisdiction

Under the general removal statute, 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants[.]" 28 U.S.C. § 1441(a). For original jurisdiction to exist, a matter pending before this Court must present either a federal question arising under the Constitution, laws, or treaties of the United States, or involve diversity jurisdiction, *i.e.*, a matter between citizens of different states where the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332.

A defendant may remove a case filed in state court to this Court on the basis of diversity of citizenship under 28 U.S.C. § 1441, if: (1) there is complete diversity between all named plaintiffs and all named defendants and (2) no defendant is a citizen of the forum. *See* 28 U.S.C.

§ 1441(b). The United States Court of Appeals for the Fourth Circuit has held that complete diversity of citizenship must be established at the time of removal. *See Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988); *see also Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998) (holding that a case must fall "within the 'original jurisdiction' of the federal court"). The Fourth Circuit has also held that a party seeking adjudication in federal court must "demonstrate the federal court's jurisdiction over the matter." *Strawn v. AT&T Mobility, LLC*, 530 F.3d 293, 296 (4th Cir. 2008) (citation omitted). And so, if the plaintiff later challenges removal in a motion to remand, the burden is on the defendant to demonstrate that removal jurisdiction is proper. *Id.* at 297; *see also Cunningham v. Twin City Fire Ins. Co.*, 669 F. Supp. 2d 624, 627 (D. Md. 2009).

Relevant here, 28 U.S.C. § 1332(c)(1) provides that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Fourth Circuit has also held that the citizenship of a limited liability company is determined by the citizenship of all of its members. *Capps v. Newmark S. Region, LLC*, 53 F.4th 299, 302 (4th Cir. 2022) (citing *Gen. Tech. Applications, Inc. v. Exro Ltda.*, 388 F.3d 114, 121 (4th Cir. 2004)); *Travelers Indem. Co. of Am. v. Portal Healthcare Solutions, LLC.*, 644 Fed. App'x. 245, 246 (4th Cir. 2016). In addition, the Fourth Circuit has held that the citizenship of a limited partnership is determined by considering the citizenship of all of its partners, both general and limited. *New York State Tchrs. Ret. Sys. v. Kalkus*, 764 F.2d 1015, 1019 (4th Cir. 1985).

## Analysis

The Plaintiff has moved to remand this matter to the Circuit Court of Prince George's County, Maryland, upon the grounds that there is not complete diversity of citizenship among the parties in this matter and that removal is warranted under 28 U.S.C. § 1332(d)(3)(E). *See generally* ECF No. 11. Ryder counters that a remand is not warranted, because there is complete diversity between the Plaintiff and Defendants in this matter and that 28 U.S.C. § 1332(d)(3)(E) is inapplicable, because case is not a class action. *See generally* ECF No. 13. And so, Ryder requests that the Court deny the Plaintiff's motion to remand. *Id*.

For the reasons that follow, the Plaintiff's reliance upon Section 1332(d)(3)(E) to seek a remand of this case is misplaced. But, Ryder has not met its burden to show that there is

complete diversity of citizenship among the parties in this case. And so, the Court DENIES the Plaintiff's motion to remand WITHOUT PREJUDICE.

As an initial matter, the Plaintiff's reliance on 28 U.S.C. § 1332(d)(3)(E) to remand this matter to the Circuit Court for Prince George's County, Maryland is misplaced. 28 U.S.C. § 1332(d)(3)(E) provides that "[a] district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction . . . over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed, based on consideration of— . . . (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States." 28 U.S.C. § 1332(d)(3)(E). But, a plain reading of the amended complaint makes clear that this case is not a class action. *See generally* ECF No. 6. And so, the aggregate citizenship provision in 28 U.S.C. § 1332(d)(3)(E) is not relevant to determining whether there is complete diversity of citizenship in this matter.

While the Plaintiff has not shown that removal is warranted under 28 U.S.C. § 1332(d)(3)(E), Ryder also fails to meet its burden to show that removal jurisdiction is proper in this case. Removal based upon diversity of citizenship is permitted if there is complete diversity between all named plaintiffs and all named defendants and no defendant is a citizen of the forum. 28 U.S.C. § 1441(b). To determine the citizenship of a corporation, 28 U.S.C. § 1332(c)(1) provides that a defendant corporation is a citizen of every state in which it is incorporated and every state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

Relevant here, the Fourth Circuit has held that the citizenship of a limited liability company is determined by the citizenship of all of its members. *Capps v. Newmark S. Region, LLC*, 53 F.4th 299, 302 (4th Cir. 2022) (citing *Gen. Tech. Applications, Inc. v. Exro Ltda.*, 388 F.3d 114, 121 (4th Cir. 2004)). The Fourth Circuit has also held that the citizenship of a limited partnership is determined by considering the citizenship of all of its partners, both general and limited. *New York State Tchrs. Ret. Sys. v. Kalkus*, 764 F.2d 1015, 1019 (4th Cir. 1985).

In this case, the evidence currently before the Court shows that: (1) Defendant Bauer is a "business owner in the State of Florida and the State of Virginia" with a headquarters in Florida; (2) Defendant Hartford is a Connecticut corporation with a principal place of business in Connecticut; (3) Defendant Lineage, Inc. is a "corporation organized and/or existing in [v]irtue of the laws of the [s]tate of Michigan and [s]tate of Virginia[;]" (4) Defendant Ryder is a Florida corporation with a principal place of business in Florida; and (5) Defendant Southeast Frozen Foods is a Delaware entity with a principal place of business in Virginia. *See* ECF No. 6 at ¶¶ 2-6; ECF No. 11 at ¶¶ 3-7. It is also undisputed that the Plaintiff is a citizen of Maryland. ECF No. 6 at ¶ 1; ECF No. 11 at ¶ 2. And so, this evidence suggests that there may be complete diversity among the parties because no Defendant appears to be a citizen of Maryland.

But, Ryder represents to the Court that another entity, Lineage Transportation, LLC, should be a named Defendant in this case. *See* ECF No. 13 at 3. Ryder has not provided any information to the Court to show the citizenship of the members of this limited liability company to confirm the citizenship of Lineage Transportation, LLC. *See Capps v. Newmark S. Region, LLC*, 53 F.4th 299, 302 (4th Cir. 2022) (citing *Gen. Tech. Applications, Inc. v. Exro Ltda.*, 388 F.3d 114, 121 (4th Cir. 2004)). It is also not clear to the Court whether Defendant Southeast Frozen Foods is a corporation or a limited partnership. *Compare* ECF No. 6 at ¶ 3 *and* ECF No. 1 at ¶ 6. To the extent that this Defendant is a limited partnership, Ryder has failed to provide information to show the citizenship of this entity's partners. *See New York State Tchrs. Ret. Sys. v. Kalkus*, 764 F.2d 1015, 1019 (4th Cir. 1985).

Given this, Ryder has not met its burden to show that removal jurisdiction is appropriate in this case. For this reason, the Court will DENY the Plaintiff's motion to remand WITHOUT PREJUDICE.

## Conclusion

For the foregoing reasons, the Court:

(1) **DENIES** the Plaintiff's motion to remand (ECF No. 11) **WITHOUT PREJUDICE**;

(2) **DIRECTS** Defendant Ryder to **FILE** a status report, regarding the citizenship of Lineage Transportation, LLC and Southeast Frozen Foods Company, LP, on or before **November 27, 2024**; and

(3) **HOLDS-IN-ABEYANCE** further briefing of Defendant Ryder's motion to dismiss, dated June 21, 2024 (ECF No. 3), pending the Court's resolution of the issue of whether Ryder has established removal jurisdiction.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge